UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DIMITRIY FABYANCHUK,

                              Petitioner

    v.

UNITED STATES ATTORNEY GENERAL,

                              Respondent

Case No. 2:18-cv-01519-JAD-GWF

**Order Dismissing Petition**

[ECF No. 1]

      This is a proceeding under 28 U.S.C. § 2241 in which petitioner Dimitriy Fabyanchuk challenges his detention by the Department of Homeland Security and Immigration and Customs Enforcement (ICE). Because it remains possible for the government to remove Fabyanchuk within the presumptively reasonable period, I deny his petition as premature.

**Discussion**

      A district court must award a writ of habeas corpus or issue an order to show cause why it should not be granted unless it appears from the application that the applicant is not entitled to such relief.[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules), which applies to cases like this brought under § 2241,[2] provides that the court must "promptly examine" the petition and "[i]f it plainly appears the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[3] Having done so, I find that I must dismiss Fabyanchuk's petition without prejudice as premature.

---

[1] 28 U.S.C. § 2243.

[2] Habeas Rule 1(b).

[3] Habeas Rule 4.

Fabyanchuk alleges that the Department of Homeland Security initiated removal proceedings against him on January 29, 2018, approximately the time he had been released on parole after serving 30 months in the Nevada Department of Corrections on a theft conviction.[4] He further alleges that an immigration judge entered an order of removal of April 5, 2018, which became final on that date because he did not appeal the order.[5] Fabyanchuk claims that, upon conducting a "90 days custody review" in June 2018, ICE indicated that it was working to obtain a travel document, but was currently unable to move forward with petitioner's removal. Citing danger to public safety and flight risk, ICE retained Fabyanchuk in custody.[6]

The Attorney General must detain certain aliens ordered removed on criminal grounds for a removal period of 90 days.[7] Title 8 U.S.C. § 1231(a)(6) allows the Attorney General to detain criminal aliens beyond the 90-day period if it determines that the alien is a risk to the community or unlikely to comply with the order of removal. But, in *Zadvydas vs. Davis*,[8] the United States Supreme Court held that § 1231(a)(6) authorizes the Attorney General to detain a removable alien only for "a period reasonably necessary to bring about that alien's removal from the United States." The Court concluded that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."[9] To establish uniformity in the federal courts, the Court recognized six months as a "presumptively reasonable period of detention."[10]

---

[4] ECF No. 1-1.

[5] *Id*.

[6] *Id*. Fabyanchuk cites to an exhibit to support his allegations regarding the purported custody review, but he appears to have omitted the exhibit in his filing with this court. ECF No. 3 (sealed).

[7] 8 U.S.C. § 1231(a)(2).

[8] *Zadvydas vs. Davis*, 533 U.S. 678, 689 (2001).

[9] *Id*. at 699.

[10] *Id*. at 701.

If the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six-month period, the burden then shifts to the government to "respond with evidence sufficient to rebut that showing."[11] Not every alien must be released after six months; aliens may be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."[12] But, until that six-month period expires, a *Zadvydas* claim is premature and must be dismissed.[13]

Based on Fabyanchuk's allegations, the mandatory 90–day period expired in his case without the government effecting his removal. But it still has some time left on the six-month period before the failure to remove him has become presumptively unreasonable under *Zadvydas*. Assuming the accuracy of his stated dates, Fabyanchuk's 90–day removal period would have ended on or about July 5, 2018,[14] so the six-month period will not conclude until October 2018. Because it is still possible for the government to remove Fabyanchuk within the presumptively reasonable period, the court must dismiss this habeas petition as premature.

## Conclusion

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed *in forma pauperis* **(ECF No. 1) is GRANTED**. The Clerk of Court is directed to **FILE the petition** for writ of habeas corpus attached to that request (ECF No. 1-1) under its own docket number and **SEND**

---

[11] *Id*.

[12] *Id*.

[13] *See Zadvydas*, 533 U.S. at 701 ("*After this 6–month period*, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." (Emphasis added.)); *see also, e.g., Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (holding that "six-month period must have expired at the time [the habeas petition] was filed in order to state a claim under *Zadvydas*;" dismissing petition without prejudice to petitioner's ability to reassert claims after *Zadvydas* period expired).

[14] *See* 8 U.S.C.A. § 1231(a)(1)(B) (providing the date the order of removal becomes administratively final as one of the dates beginning the removal period).

**a copy** of that petition and this order to the United States Attorney for the District of Nevada. No response to the petition is required.

IT IS FURTHER ORDERED that the **petition for writ of habeas corpus is denied** without prejudice as premature. The Clerk is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: September 10, 2018

_____
U.S. District Judge Jennifer A. Dorsey